UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARCEY D.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO: 2:21-CV-0273-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 11, 14).  The motions were submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error

that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4

1  404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

2  At step four, the Commissioner considers whether, in view of the claimant's

3  RFC, the claimant is capable of performing work that he or she has performed in

4  the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is

5  capable of performing past relevant work, the Commissioner must find that the

6  claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of

7  performing such work, the analysis proceeds to step five.

8  At step five, the Commissioner considers whether, in view of the claimant's

9  RFC, the claimant is capable of performing other work in the national economy.

10  20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner

11  must also consider vocational factors such as the claimant's age, education and

12  work experience. *Id.* If the claimant is capable of adjusting to other work, the

13  Commissioner must find that the claimant is not disabled. 20 C.F.R. §

14  404.1520(g)(1). If the claimant is not capable of adjusting to other work, the

15  analysis concludes with a finding that the claimant is disabled and is therefore

16  entitled to benefits. *Id.*

17  The claimant bears the burden of proof at steps one through four above.

18  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the

19  analysis proceeds to step five, the burden shifts to the Commissioner to establish

20  that (1) the claimant is capable of performing other work; and (2) such work

1  "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c);

2  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff initially applied for a period of disability and disability insurance benefits (Title II) on October 24, 2016, alleging disability beginning April 1, 2015. Tr. 147. The claim was denied initially on July 21, 2017, and upon reconsideration on October 23, 2017. *Id*. Plaintiff requested a hearing. *Id*. A telephonic hearing was held before an administrative law judge ("ALJ") on October 23, 2018. *Id*. On November 30, 2018, the ALJ denied Plaintiff's claim. Tr. 159. The Appeals Council remanded the decision on April 29, 2020, directing the claim file be updated and ordering a new hearing that included a medical expert. Tr. 15.

A second telephonic hearing was held on July 23, 2020 before a different ALJ. *Id*. Plaintiff amended her alleged onset date to January 1, 2016. *Id*. On September 18, 2020, the ALJ denied Plaintiff's claim. Tr. 26. The Appeals Council denied the request for review on July 15, 2021. Tr. 1. The ALJ's decision became the final decision and is subject to judicial review. 20 C.F.R. § 404.981.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2016, the amended alleged onset date. *Id*. At step two,

1  the ALJ found Plaintiff had the following severe impairment: migraine headaches.

2  *Id*.  At step three, the ALJ found Plaintiff did not have an impairment or

3  combination of impairments that meets or medically equals the severity of a listed

4  impairment.  Tr. 21.  The ALJ then found Plaintiff had a residual functional

5  capacity to perform a full range of light work with the following limitations:

> [Plaintiff] is unable to climb ladders, ropes, and scaffolds and she should avoid exposure to all industrial bright lights, loud noise, and all hazards (such an unprotected heights and moving or dangerous machinery), and she cannot be consistently exposed to dusty environments or noxious fumes.

*Id.*

At step four, the ALJ found Plaintiff was capable of performing past relevant work as an assembler, dispatcher, or cashier-checker.  Tr. 25.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from January 1, 2016, the amended alleged onset date, through September 18, 2020, the date of the ALJ's decision.  Tr. 26.

**ISSUES**

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act.  Plaintiff raises the following issues:

1. Whether the ALJ erred by rejecting the medical opinion of Dr. William Bender, M.D.; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7

2. Whether the ALJ erred by rejecting Plaintiff's subjective symptom testimony.

ECF No. 11 at 5.

# DISCUSSION

## A. Medical Opinion

Plaintiff argues the ALJ erred in rejecting the medical opinion of Dr. William Bender, M.D. by not providing specific and legitimate reasons supported by the record as a whole. ECF No. 11 at 11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8

1    If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir. 2000) (internal quotation marks and brackets omitted). An ALJ may only reject the opinion of a treating or examining doctor by providing specific and legitimate reasons that are supported by a substantial weight of the evidence, even if that opinion is contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Bender was a treating physician who opined in two medical reports from 2017 and 2018 that Plaintiff would miss more than four days of work per month, would be off task and unproductive 25% or more of the workday, and had typical environmental limitations associated with migraine headaches. Tr. 25. The ALJ gave partial or limited weight to Dr. Bender's assessment, finding Plaintiff's medical records as a whole did not support the assessment. *Id*. Specifically, the ALJ noted Plaintiff reported in 2017 she was able to care for her dog, engage in

out-of-state travel and long drives, and perform household chores, which was not consistent with the limitations outlined by Dr. Bender. *Id*. (citations to the record omitted). The record also lacked related neurological defects, such as gait abnormalities, strength deficits, or sensation deficits. *Id*. (citations to the record omitted). Additionally, Plaintiff's other care providers rarely observed her to be in more than mild distress. *Id*. (citations to the record omitted).

The ALJ further noted the frequency and duration of Plaintiff's headaches, as reported by Dr. Bender, was not consistent with other reports in the record, and therefore, it was difficult to determine precisely how many days per month she would not be able to work. Tr. 24. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

Finally, Dr. Bender's opinion was provided in a check-mark form and contained very little explanation to support his findings. *See* Tr. 455, 815–819. As the Ninth Circuit has stated, an ALJ may "permissibly reject . . . check-off reports that do not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d at 1111 (internal brackets and citation omitted). Thus, the Court finds the

ALJ properly gave limited weight to Dr. Bender's opinion and provided "specific, legitimate reasons based on substantial evidence in the record" for doing so. *Id.*

### B. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred in rejecting her subjective symptom testimony and failed to provide specific, clear and convincing reasons supported by substantial evidence. ECF No. 11 at 19.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 12

individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 22. In arriving at this conclusion, the ALJ considered several of the factors described above.

First, the ALJ found there was no objective medical evidence to support the alleged duration, frequency, and intensity of Plaintiff's headaches. *Id*. Plaintiff argued her employment history showed her absences from work, but there was no evidence to corroborate that the absences were caused by her headaches. *Id*. Moreover, an earlier care provider indicated her headaches may have been related to her mental health and recommended mental health treatment. *Id*. Plaintiff disagreed. *Id*. Notably, Plaintiff has not sought any additional treatment, other than medication, for her migraines. Tr. 18. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the objective medical evidence is a relevant factor, along with the medical source's information

about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

As to her daily activities, Plaintiff indicated she was independent and enjoyed playing with her dog and go-carting with her husband. Tr. 18. She also stated she was able to perform household chores such as laundry, cleaning, and dishes, and that she was able to care for her own hygiene. Tr. 20. Plaintiff testified that she attended church services. *Id*. While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Regarding type, dosage, side effects, and efficacy of medication, the ALJ noted Plaintiff had success with oxycodone. Tr. 23. In July 2019, Plaintiff reported having "headache free days again." *Id*. In November 2019, Plaintiff stated she was grateful for the variety of medication that allowed her to have better quality of life. *Id*. Although Plaintiff recently indicated she felt the oxycodone may have become less effective due to long term use, she declined to try Vicodin or Percocet as alternatives. *Id*. Finally, Plaintiff indicated her headaches were

adequately managed by the medication. *Id.* "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

As a final consideration, the ALJ looked to SSR 19-4p, which states that consistency and supportability between a claimant's reported symptoms and objective medical evidence is key in assessing RFC. SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019). The ALJ noted Plaintiff's medical records did not reflect any other listed symptomatology, such as speech/language, motor, or sensory deficits associated with migraines. Tr. 23. Consequently, Plaintiff's symptoms were not supported or consistent with the objective medical evidence. *Id*.

The ALJ's conclusion that Plaintiff's subjective symptom testimony conflicted with the evidence was clear, convincing, and properly supported by substantial evidence. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. *Rollins*, 261 F.3d at 857.

### CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED June 30, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 16